<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5088**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OMAR RONDELL WHITE, a/k/a Curley, a/k/a
Reecee,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William D. Quarles, Jr., District Judge.
(CR-03-376-WDQ)

---

Submitted: October 5, 2005          Decided: November 1, 2005

---

Before LUTTIG and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Harry D. McKnett, Columbia, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Christopher J. Romano,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Omar Rondell White pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 846 (2000), and was sentenced to 151 months' imprisonment.[1] In his plea agreement, White agreed to a comprehensive appellate waiver. On appeal, White raises one issue in his brief: whether the court's application of the career offender enhancement violated Blakely v. Washington, 542 U.S. 296 (2004). The Government argues White's appeal should be dismissed based on the appellate waiver. White filed a reply brief, arguing that he preserved his right to appeal under Blakely, because he could not knowingly and intelligently waive a right that did not exist at the time he entered into his plea agreement.

This court will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). White's appeal is foreclosed by United States v. Blick, 408 F.3d 162 (4th Cir. 2005), in which this court held that a waiver of appellate rights in a plea agreement that was accepted prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738

[1]The court gave an alternative sentence in accordance with this court's decision in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004) (order), opinion issued by 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). Treating the guidelines as advisory, the alternate sentence was also 151 months' imprisonment.

(2005), was not invalidated by the change in law effected by that decision. See Blick, 408 F.3d at 170, 173; see also United States v. Johnson, 410 F.3d 137 (4th Cir. 2005) (rejecting argument that a defendant cannot waive the right to appeal based on subsequent changes in the law). We find that White's challenge falls within the scope of his pre-Booker appeal waiver.

Next, White argues that his right to appeal under Blakely was preserved by the district court notwithstanding the waiver provision in his plea agreement. During the sentencing hearing, White's counsel stated, "Your Honor, preliminarily, I'll make an argument based on Blakely. As the court knows, the principles of Blakely may or may not affect the sentencing guidelines." The court replied, "I deem all of your Blakely arguments to be made, and your position preserved." White relies upon United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir. 1995), for the proposition that the Government's silence after the court's statement modified the plea agreement. However, in Buchanan the district court twice told the defendant that he had the right to appeal his sentence despite the appellate waiver in the plea agreement. 59 F.3d at 917-18. The Ninth Circuit concluded that the defendant had a right to rely on the oral statement of the court when the government failed to object. Id. at 918. However, in this case the court did not state that White retained the right to appeal his sentence based on Blakely, and the court's statement that the Blakely

argument is "preserved" was not sufficient to modify the plea agreement. Moreover, White did not rely to his detriment on the explanation of the district court in entering his guilty plea. <u>Cf. United States v. Wood</u>, 378 F.3d 342, 350 (4th Cir. 2004). We further observe that even if White's appellate waiver was not enforced, the district court's imposition of an identical alternative sentence would cause us to conclude that any error in the court's application of the challenged career offender enhancement was harmless.

Accordingly, we dismiss White's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>